**Davis Miles McGuire Gardner**

40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
Gregory L. Miles, State Bar No. 005263
glmiles@davismiles.com
David W. Williams, State Bar No. 022764
dwilliams@davismiles.com
Brittney K. Walsh, State Bar No. 035279
bwalsh@davismiles.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH FARNSWORTH and PATRICIA BUCHANAN, husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FLAGSTAFF, an Arizona municipal corporation; STATE OF ARIZONA; ARIZONA GAME AND FISH COMMISSION, an agency of the State of Arizona; LARRY PHOENIX, Arizona Game and Fish Director, in his official capacity; LUKE APFEL, Arizona Game and Fish employee, in his official capacity; COLBY WALTON, Arizona Game and Fish employee, in his official capacity;,<br><br>Defendants. | NO. 3:19-cv-08287-PCT-JAT<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF FLAGSTAFF'S MOTION TO DISMISS** |

Plaintiffs Joseph Farnsworth ("**Mr. Farnsworth**") and his wife Patricia Buchanan (together "**Plaintiffs**"), by and through below-signed counsel, submit their response to the Defendant City of Flagstaff's ("Flagstaff") Motion to Dismiss. As set out below, Plaintiffs

1

have pled sufficient facts to show that they have been singled out by two governmental entities at the behest of other private citizens under the guise of enforcing an unconstitutional and improperly passed municipal ordinance, which has now exposed Mr. Farnsworth to significant monetary fines and possible jail time. This nucleus of operative facts has been sufficiently pled to support all of Plaintiffs' pending claims in this matter, and sufficient to warrant denial of Flagstaff's Motion to Dismiss. Plaintiffs' Response is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

In 2012 or 2013, a series of disputes arose within the Fairfield Country Club Community "(Country Club") in Flagstaff. *See* Compl. ¶ 12, Dkt. 1-3. When the dispute was unable to be resolved through changes to the CC&Rs, members of the Homeowners Association ("Country Club HOA") turned to Game and Fish and Flagstaff. *Id..* at ¶ 15, 16. On September 17, 2013 the Flagstaff City Council enacted FCC 6-01-001-0023 OUTDOOR FEEDING AND PROTECTION OF WILDLIFE as Flagstaff Municipal Ordinance 2013-20 ("No Feeding Ordinance"). *Id.*, ¶ 17. Later, after public information requests in 2018, Mr. Farnsworth discovered the City passed the No Feeding Ordinance based on misinformation and at the behest of a member of the Country Club HOA. *Id* at ¶ 23-27, 15. Mr. Farnsworth would also discover that the No Feeding Ordinance was beyond the scope of authority granted to Flagstaff and Arizona Game and Fish Commission ("Game and Fish"). *Id.*, ¶¶ 50-87.

Mr. Farnsworth had another startling discovery ahead of him. After paying a single ticket for violating the No Feeding Ordinance ("Initial Citation"), he assumed the problems would cease. In fact, he pled nolo contendere. *Id.*, ¶ 35. However, in 2018, Mr. Farnsworth began to discover that his Civil Rights were being violated, and repeatedly, by Game and Fish and Flagstaff. Mr. Farnsworth received bundles of tickets for violating the No Feeding

2

Ordinance. *Id* at ¶ 36-39. Flagstaff, by and through Game and Fish, issued tickets without any investigation or discussion with Mr. Farnsworth. *Id*. Flagstaff is acting by and through the Game and Fish officers by delegating their law enforcement authority to Game and Fish. *Id*., ¶¶ 18-21. Additionally, Flagstaff pursued these tickets that were solely issued for the sake of harassment. *Id*., ¶¶ 34, 41, 42.

Mr. Farnsworth, realizing that something was wrong with the No Feeding Ordinance and the odd enforcement techniques involved, filed several public records requests for information about his Subsequent Citations. *Id.*, ¶ 43. Interestingly, Flagstaff denied the requests because the information was pertinent to an ongoing criminal case – his criminal case based on the Subsequent Citations. *Id*., ¶¶ 43-44. However, Flagstaff prosecutor's office never disclosed this information before filing a Motion to Dismiss. *Id*. In the Motion to Dismiss, the City Prosecutor's office alludes to the very information Mr. Farnsworth had been requesting. *Id*., ¶¶ 98-102. Flagstaff never provided the information before filing their Motion to Dismiss the case, furthering the campaign against Mr. Farnsworth. *Id*.

Flagstaff delegated its police powers to Game and Fish, who readily agreed to enforce the ordinance for the City. *See e.g.*, Compl. ¶¶ 17-21, 54, 65, 66, 111, Dkt. 1-3. As such, Game and Fish is acting as agent for the City and is liable for the actions of the Game and Fish officers.

## II.   THE STATE LAW CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS SET OUT IN ARIZ. REV. STAT. § 12-821.01(B)

Flagstaff seeks dismiss the Plaintiffs' state law claims on the grounds that the claims are barred by the one year statute of limitations set out in Ariz. Rev. Stat. § 12-821.01(B) applicable to claims against governmental entities. Civil Rights cases, such as this one, are an aggregation of multiple wrongdoings that often by themselves are not a violation of rights. However, when viewed in the aggregate, they amount to egregious violations of rights, indicating a policy, custom, or culture that creates liability on the government actors.

This is the case here. Flagstaff's argument that one citation/ticket issued in 2017 somehow bars the Plaintiffs' claims fails for two reasons:

1. Mr. Farnsworth first became aware of a potential cause of action when he was served the Subsequent Violations in bulk, with no knowledge of the existence of a single ticket or investigation. *See* Compl. ¶¶ 36-41, Dkt. 1-3; and

2. The continuing breach doctrine applies to this case.

### A. The State Law Claims Arose as a Result of the Subsequent Civil Citations Issued Against Mr. Farnsworth

Plaintiffs have pled sufficient facts to show the violation of Plaintiffs' rights, as well as state laws, occurred well after the passing of the ordinance and the initial citation issued to Mr. Farnsworth in 2017. "[I]t is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Thompson v. Pima County*, 226 Ariz. 42, 45, ¶ 11, 243 P.3d 1024, 1027 (App. 2010) *citing Walk v. Ring*, 202 Ariz. 310, ¶ 22, 44 P.3d 990, 996 (2002). At the time the No Feeding Ordinance was passed, Mr. Farnsworth had no knowledge, or reason to know, that the No Feeding Ordinance was being pursued to threaten, intimidate, and harass him alone. In fact, at the time Mr. Farnsworth appeared for his Initial Citation, he did not have any reason to think that the City or Game and Fish was targeting him. He had no reason to think he would face continued harassment by Game and Fish and City officials, so he simply pled nolo contendere assuming this would be the end of the story. *See* Compl. ¶ 35, Dkt. 1-3.

At the time of the Initial Citation, Mr. Farnsworth had no knowledge or reason to know that Game and Fish were staking out his neighborhood, and issuing a bulk number of additional citations without conducting an investigation, or that Flagstaff would mail the bulk number of additional citations to Mr. Farnsworth and pursue those additional citations in a criminal proceeding without providing any of the investigation material during the trial

in violation of his *Brady* rights.  As made clear in the Complaint, it was not until Mr. Farnsworth received the bulk drop of additional citations that he began to realize that he was being targeted. It was not until the subsequent violations were issued did Mr. Farnsworth fully appreciate that Flagstaff and Game and Fish were working together to threaten, intimidate, and harass him.

### B.     The Continuing Breach Doctrine Applies

The Continuing Violation Doctrine also undermines Flagstaff's statute of limitations argument as it is necessary to analyze in a fact-intensive civil rights case. "Thus, '[t]he relevant inquiry is when did a plaintiff's 'knowledge, understanding, and acceptance in the aggregate provide [ ] sufficient facts to constitute a cause of action.'" *Thompson v. Pima County*, 226 Ariz. 42, 46, ¶ 9, 243 P.3d 1024, 1028 (App. 2010) *citing Little v. State*, 225 Ariz. 466, ¶ 9, 240 P.3d 861, 864, *quoting Walk v. Ring*, 202 Ariz. 310, ¶ 23, 44 P.3d 990, 996 (2002). The facts, as pled in the Complaint, are sufficient to show that Mr. Farnsworth did not fully understand and appreciate the nature of the potential causes of action against Flagstaff and the State of Arizona and their agents until after he was given bulk number of additional citations and is now being maliciously prosecuted by the Flagstaff Municipal Prosecutor.

When a cause of action accrued is a question for the jury. "When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32, 955 P.2d 951, 961 (1998) *citing Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 591, 898 P.2d 964,  969 (1995). As noted above, Plaintiff has pled sufficient facts to show that the state law claims arose AFTER Mr. Farnsworth was served with the additional citations, which did not occur until October of 2018.  *See* Compl. ¶¶ 36, 37, Dkt. 1-3.

### III. THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WAS PROPERLY PLED.

Flagstaff moves to dismiss the intentional infliction of emotional distress claim on the grounds that the Plaintiffs have failed to plead sufficient facts showing that Flagstaff's conduct was sufficiently "extreme and outrageous." A claim for intentional infliction of emotional distress requires the plaintiff to show that the defendant's conduct was "extreme" and "outrageous." *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987); *See also Godbehere v. Phoenix Newspapers*, 162 Ariz. 335, 339, 783 P.2d 781, 785 (1989). To prove "extreme" and "outrageous conduct," Mr. Farnsworth must show that "defendant's acts were 'so [o]utrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (App. 1995).

As set out below, Flagstaff allowed itself to be used as a means to satisfy the personal desires of a handful of citizens who were opposed to Mr. Farnworth's feeding of certain wildlife. In the Complaint, it is alleged that the Flagstaff City Council took up a vote on the No Feeding Ordinance at the behest of the Country Club HOA, who was unhappy with a failed attempt at a CC&R amendment to address the wildlife feeding by Mr. Farnsworth. . *See* Compl. ¶¶ 14-15, 105-106, Dkt. 1-3. The City Council had no reasonable basis to pass the No Feeding Ordinance, and upon discovery, Mr. Farnsworth believes that he will be able to show that the No Feeding Ordinance was enacted solely to use against him. *Id.*, ¶¶ 25-28. Acting as agents for Flagstaff, Game and Fish exercised extreme and outrageous conduct to enforce the No Feeding Ordinance by literally staking out Mr. Farnsworth's residential property and rather than simply issuing him one citation, Flagstaff issued Mr. Farnsworth a bulk number of citations that were mailed to him at one time. *Id.*, ¶¶ 45-49. It can be inferred from these facts that Mr. Farnsworth is now subject to significant monetary fines and possible jail time for allegedly violating the No Feeding Ordinance and being selectively

6

singled out for prosecution and enforcement of the No Feeding Ordinance by Flagstaff and its agents at Game and Fish. It can further be inferred and is specifically pled that Mr. Farnsworth is now experiencing extreme emotional distress at the prospect of possible jail time and criminal fines from an improperly passed municipal ordinance.[1] Flagstaff further compounded its extreme and outrageous behavior by delegating enforcement of the No Feeding Ordinance solely to Game and Fish and is liable for their actions. *Id.*, ¶ 54. It is also believed that Flagstaff knew of the extreme and outrageous conduct and did nothing to protect Mr. Farnsworth, and in fact, actively hid information about the fraudulent investigations, killing of the elk, and other information in pursuing the criminal case against him. *Id.*, ¶¶ 43-44, 99, 100. Flagstaff in conjunction with Game and Fish is targeting Mr. Farnsworth and attempted to intimidate date him by serving him with multiple citations at one time that had been pending for almost three months, which could easily create emotional distress from the weight from the threat of criminal prosecution under a questionably passed municipal ordinance. *Id.*, ¶¶ 34, 36-42, 91, 95, 99, 101. Sufficient facts were pled to show that Flagstaff is liable for the intentional infliction of emotional distress.

**IV. THE CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 WAS PROPERLY PLED**

The Complaint contains factual allegations that set a prima facie basis for violation of 42 U.S.C. § 1983. "[D]etailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868, 874, 2009 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (internal quotations omitted).

---

[1] While Mr. Farnsworth believes that there are sufficient facts in the Complaint to support the extreme and outrageous conduct of Flagstaff as well as the emotional stress created by those actions, to the extent the Court is inclined to grant Flagstaff's motion on these facts, Mr. Farnsworth requests leave to amend the Complaint to address any alleged factual deficiencies.

7

In its Motion, Flagstaff relies solely on Paragraph 21 of the Complaint and then wrongly concludes that the policies and customs set forth by the City are not explicitly mentioned within this cause of action that the allegation does meet federal pleading requirements set out in *Twombly and Iqbal.*

To impose liability on Flagstaff for a violation of 42 U.S.C. § 1983, the Plaintiffs must prove that a constitutional violation occurred and that Flagstaff is responsible for the violation. *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 498 (6th Cir. 2008); *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)). In other words, Plaintiffs must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that the plaintiff incurred a particular injury due to execution of that policy. *Kindoll v. Southern Health Partners,* 2019 U.S. Dist. LEXIS 52402, *31-32, 2019 WL 1409842, W. Dist. Ky.

The Complaint asserts allegations that easily set out violations necessary to support liability under Section 1983 against Flagstaff. Flagstaff passed the No Feeding Ordinance at the urging of a citizen in order to target Mr. Farnsworth. *See* Compl., ¶ 15, 28. The entire No Feeding Ordinance is the City's official policy that was passed for the sake of harassment at the behest of neighbors who were frustrated with Mr. Farnsworth's feeding of local wildlife. *Id.*, ¶ 28. The City Council, officials with final decision-making authority, passed the ordinance recognizing there was no need for the No Feeding Ordinance *Id.*, ¶¶ 18-19, 25, 26. Game and Fish has no oversight or supervision in enforcing this municipal ordinance, and Flagstaff is aware or should be aware of the abuses happening by their agents, Game and Fish. *Id.*, ¶¶ 42-49. There are allegations throughout the Complaint outlining how Flagstaff singled Mr. Farnsworth out for enforcement of an improperly passed municipal ordinance and never had authority to delegate enforcement of to Game and Fish.

8

## V. THERE IS SUPPLEMENTAL JURISDICTION FOR THE COURT TO ADJUDIATE THE SPECIAL ACTION CLAIM

The Court has supplemental jurisdiction over the state law claims, including the special action claim. *See* 28 USC § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction **over all other claims that are so related to claims** in the action within such original jurisdiction that they **form part of the same case or controversy**…") (emphasis added). There is no question that the special action relief sought is "so related" to the 1983 claims that they form the "same case or controversy". The Court has Supplemental Jurisdiction.

The City incorrectly cites to *Reyes v. San Diego Properties* implying that state procedural rules are not allowed to be pursued in federal courts. This bright-line rule the City asserts is not the law. Federal Courts commonly apply state procedural rules where those rules are not in conflict with a federal procedural rule. *See Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1140, 14 L. Ed. 2d 8, 13, 1965 U.S. LEXIS 1350, *9, 9 Fed. R. Serv. 2d 1. Flagstaff points to no conflicting rules of Federal Procedure and the Court may consider the claims for Special Action relief under its Supplemental Jurisdiction. Flagstaff fails to identify any federal rules that would bar the Court from adjudicating the special action claim. The Special Action claim existed in the state court proceedings, and simply because Defendants removed this action does not deprive the Plaintiffs of their right to seek special action relief.  To the extent the Court cannot exercise its supplemental jurisdiction, the remedy would not be to dismiss the claim against Flagstaff, but instead, to remand this action back to the Coconino Superior Court for further proceedings.

## VI. CONCLUSION

As set out above, Plaintiffs have pled sufficient facts to support the merits of each of their claims against the City of Flagstaff, and as such, Flagstaff's motion should be denied. To the extent the Court is inclined to dismiss any claim on the basis of insufficiently of

9

factual allegations, Plaintiffs request leave to amend their complaint to address any alleged deficiencies.

Dated this 13th day of December, 2019.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By: /s/ David W. Williams
Gregory L. Miles
David W. Williams
Brittney K. Walsh
40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Michele Molinario
Derek R. Graffious
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
mmolinario@jshfirm.com
dgraffious@jshfirm.com
*Attorneys for Defendant City of Flagstaff*

Michael G. Gaughan
Office of the Attorney General
2005 N. Central Ave.
Phoenix AZ 85004
Michael.gaughan@azag.gov
*Attorneys for the State of Arizona, Arizona Game & Fish Commission, Larry Phoenix, Luke Apfel, and Colby Alton, in their official capacities*

*/s/Stephanie DeBuhr*