**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Farnsworth, et al., | No. CV-19-08287-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Flagstaff, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Flagstaff's ("Defendant Flagstaff") Motion to Dismiss Plaintiffs' Complaint (Doc. 1-3).[1] (Doc. 18). The Motion has been fully briefed. (Docs. 18, 27, 29). The Court now rules on the Motion (Doc. 18).

**I.     BACKGROUND**

The following facts are either undisputed or recounted in the light most favorable to Plaintiffs. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Plaintiffs, Joseph Farnsworth ("Farnsworth") and his wife, Patricia Buchanan, (collectively, "Plaintiffs") are residents of Flagstaff, Arizona. (*See* Doc. 1-3 at 2). Plaintiffs claim that the community they live in requested that the Flagstaff City Council adopt an ordinance forbidding the feeding of wild animals. (*Id.* at 4–5). The Flagstaff City Council adopted such an ordinance on September 17, 2013. *See* Flagstaff, Ariz., City Code § 2013-20 ("No Feeding Ordinance"). Plaintiffs contend that the No Feeding Ordinance "was enacted to specifically target" Farnsworth. (Doc. 1-3 at 5–6). Plaintiffs

---
[1] All other defendants answered. (Doc. 16).

also assert that the Flagstaff City Council unlawfully delegated enforcement power to Defendant Arizona Game and Fish Commission ("Game and Fish"). (*Id.* at 7–10).

Farnsworth received a citation for violation of the No Feeding Ordinance on November 6, 2017. (*Id.* at 6). Farnsworth pleaded nolo contendere and paid the associated fine. (*Id.*). Plaintiffs then claim from July to October 2018 Farnsworth was cited for violations of the No Feeding Ordinance and that these citations are currently being prosecuted in Flagstaff Municipal Court. (*Id.* at 6–7); *see, e.g.*, *State v. Farnsworth*, No. CR2018-001683 (Flagstaff, Ariz. Mun. Ct. filed June 8, 2018). Plaintiffs also allege that Farnworth's due process rights have been violated because he has requested documents he asserts are relevant to the criminal matter that have not been disclosed. (Doc. 1-3 at 11–12). Plaintiffs further claim that Defendant Game and Fish Officer Colby Walton killed an elk in front of Farnsworth, which caused Farnsworth severe emotional distress. (*Id.* at 17).

Plaintiffs filed the Complaint (Doc. 1-3) in Coconino Superior Court on August 8, 2019, and it was removed to this Court pursuant to 28 U.S.C. § 1441. (Doc. 1). Plaintiffs seek relief against Defendant Flagstaff through the following causes of action: (1) the Civil Rights Act of 1871, 42 U.S.C. § 1983, (2) declaratory judgment under Ariz. Rev. Stat. Ann. § 12-1831, (3) intentional infliction of emotional distress under Arizona common law, and (4) special action under Arizona law. (Doc. 1-3 at 14–18). Defendant Flagstaff has moved to dismiss each claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 18).

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." *Adams v. U.S. Forest Serv.*, 671 F.3d 1138, 1142–43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150–51 (9th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 555–56).

### III. ANALYSIS

Defendant Flagstaff has moved to dismiss under the following theories: (1) each of Plaintiffs' claims brought under state law are barred by the statute of limitations, (2) Plaintiffs did not adequately plead their intentional infliction of emotional distress claim against Defendant Flagstaff, (3) Plaintiffs did not adequately plead a claim under § 1983 against Defendant Flagstaff, and (4) that Plaintiffs' request for special action relief cannot be asserted in federal court under the *Erie* Doctrine. (Doc. 18).

///
///
///
///

### a. Section 1983

Defendant Flagstaff contends that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 against it. (Doc. 18 at 5–6). Section 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

A municipality, such as Defendant Flagstaff, "may therefore be sued directly if it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (plurality) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Plaintiffs claim that Defendant Flagstaff's enactment and enforcement of the No Feeding Ordinance violate their constitutional rights. (Doc. 1-3 at 14–16).

Section 1983 may not be construed as "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 701 (1976). Rather, § 1983 provides a cause of action "only [for] those acts which deprived a person of some right secured by the Constitution or laws of the United States." *Id.* at 700. A plaintiff seeking relief under § 1983 for a constitutional violation must cite a "specific constitutional guarantee safeguarding the interest he asserts has been invaded." *Id.* at 700–01; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) ("The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed."); *Fratzke v. Mont. Fish, Wildlife, & Parks*, 716 F. App'x 687, 688 (9th Cir. 2018) (holding that a plaintiff must allege "that the defendant acted under color of state law and for the purpose of denying the plaintiff a specific constitutional right" to state a § 1983 claim).

Here, Plaintiffs assert that Defendant Flagstaff violated Farnsworth's constitutional rights because the No Feeding Ordinance "was passed for the sake of harassment at the behest of neighbors who were frustrated with Mr. Farnsworth's feeding of local wildlife." (Doc. 27 at 8; *see also* Doc. 1-3 at 4–5, 14–15). Plaintiffs contend that Defendant Flagstaff has violated the Fourth Amendment as well as the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. (*See* Doc. 1-3 at 14–15).

Plaintiffs did not allege a violation of any specific fundamental constitutional right that the No Feeding Ordinance violates nor do they allege that the No Feeding Ordinance creates a suspect classification. Therefore, the No Feeding Ordinance must only survive rational basis review. *See Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000). Plaintiffs have the burden of pleading that the No Feeding Ordinance cannot conceivably bear a rational relationship to a legitimate state interest. *Id.* at 1050–51.

Plaintiffs appear to suggest that the No Feeding Ordinance is unconstitutional because "there was no need for the No Feeding Ordinance" and it does not have a legitimate purpose. (Doc. 27 at 8; *see* Doc. 1-3 at 9, 13). However, whether a law is needed is not relevant to rational basis review. *See Romero-Ochoa v. Holder*, 712 F.3d 1328, 1331 (9th Cir. 2013) (stating that the only inquiry under rational basis review is "whether there are 'plausible reasons for [legislative] action,'" and thus, rational basis review is not "a license for courts to judge the wisdom, fairness, or logic of legislative choices" (first quoting *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980); then quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993))). And, Plaintiffs' conclusory statement that the No Feeding Ordinance does not have a legitimate purpose, (Doc. 1-3 at 9), is not supported by any specific allegations. Indeed, all of the factual allegations within Plaintiffs' Complaint (Doc. 1-3) specifically included under their § 1983 claim involve enforcement of the No Feeding Ordinance by Defendant Game and Fish, not

enactment of the No Feeding Ordinance.[2] Finally, Plaintiffs' allegation that the No Feeding Ordinance was passed for an improper motive in targeting Farnsworth is not relevant to determining the constitutionality of the No Feeding Ordinance under rational basis review. *Surf & Sand, LLC v. City of Capitola*, 377 F. App'x 662, 665 (9th Cir. 2010).

In short, Plaintiffs have not properly alleged that the No Feeding Ordinance is unconstitutional because they do not articulate in the Complaint (Doc. 1-3) why it is inconceivable that the No Feeding Ordinance was not a legitimate exercise of Defendant Flagstaff's governmental authority. In fact, the No Feeding Ordinance's stated purpose is to advance public safety.[3] *See* Flagstaff, Ariz., City Code § 2013-20. Consequently, the Court finds that it is conceivable that the No Feeding Ordinance was enacted for the legitimate purpose of advancing public safety. *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1048 (9th Cir. 2017) (en banc); *Ctr. for Bio-Ethical Reform, Inc. v. City & County of Honolulu*, 455 F.3d 910, 922 (9th Cir. 2006). The Complaint (Doc. 1-3) also does not contain factual allegations regarding how the No Feeding Ordinance is not rationally related to advancing public safety. The Court reiterates that, under rational basis review, the No Feeding Ordinance need not "actually advance its stated purposes" and that the Court may only "look to see whether the government *could* have had a legitimate reason for acting as it did." *Nat'l Ass'n for Advancement of Psychoanalysis*, 228 F.3d at 1050. Accordingly, Plaintiffs have simply failed to properly allege that the No Feeding Ordinance does not survive rational basis review.

---

[2] In response to the Motion to Dismiss (Doc. 18), Plaintiffs assert that Defendant Flagstaff is a principal of Defendant Game and Fish, and thus, Defendant Flagstaff is liable for any constitutional violations that Defendant Game and Fish or its officers allegedly wrought on Plaintiffs. (Doc. 27 at 6–8). Plaintiffs did not include this agency theory in the Complaint (Doc. 1-3). Plaintiffs cannot supplement the Complaint (Doc. 1-3) with additional allegations within their Response to the Motion to Dismiss (Doc. 27). *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

[3] The Court, sua sponte, takes judicial notice of the No Feeding Ordinance. *See* Fed. R. Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) ("[C]ity ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice." (citation omitted)); *Helicopters for Agric. v. County of Napa*, 384 F. Supp. 3d 1035, 1040 n.1 (N.D. Cal. 2019).

Plaintiffs also allege that Defendant Flagstaff did not disclose certain materials relating to Farnsworth's criminal case. (*See* Doc. 1-3 at 7, 12). Plaintiffs assert that this failure to disclose violates the Due Process Clause of the Fourteenth Amendment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, Plaintiffs again failed to plead sufficient factual allegations to support this assertion.

First, Plaintiffs do not allege what entity is prosecuting Farnsworth's alleged violations of the No Feeding Ordinance. Therefore, it is unclear if Defendant Flagstaff had the duty of a prosecuting entity under the Due Process Clause to disclose the documents Farnsworth requested in the criminal matter. *See id.* Second, Plaintiffs do not allege that the materials Farnsworth requested from Defendant Flagstaff are exculpatory. The Due Process Clause requires the prosecution to disclose exculpatory, not inculpatory, evidence. *See id.*; *Berkley v. Miller*, No. EDCV 13-1745-JGB MAN, 2014 WL 2042249, at *7–8 (C.D. Cal. Apr. 2, 2014), *report and recommendation adopted*, No. EDCV 13-1745-JGB MAN, 2014 WL 2048167 (C.D. Cal. May 15, 2014). Thus, even if it is Defendant Flagstaff that is prosecuting Farnsworth, Plaintiffs do not allege any specific facts indicating that the documents the prosecuting entity failed to disclose are exculpatory. Instead, Plaintiffs' allegation that there was a *Brady* violation is a legal conclusion masquerading as a factual allegation. In short, Plaintiffs have failed to allege sufficient facts to establish a constitutional violation by Defendant Flagstaff under *Brady*, 373 U.S. 83.[4]

---

[4] Even if the Court were to entertain Plaintiffs' claim that Farnsworth's due process rights have been violated in the criminal matter, it would be inappropriate for the Court to insert itself into a pending criminal matter. Our federalist system of government recognizes "that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). This duty of comity is at its height where the government is enforcing its criminal laws and typically will only be overcome where "it plainly appears" relying upon the state court "would not afford adequate protection." *Id.* at 44–45. Plaintiffs have not alleged that the state judiciary will not afford Farnsworth adequate protection.

Accordingly, Plaintiffs' § 1983 claim must be dismissed because they have failed to adequately allege that Defendant Flagstaff has deprived Plaintiffs of any of their federal constitutional or statutory rights.[5]

### b. Declaratory Relief

Plaintiffs seek declaratory relief under Ariz. Rev. Stat. Ann. § 12-1831. (Doc. 1-3 at 16–17). Plaintiffs assert they are entitled to declaratory relief against Defendant Flagstaff because "the No Feeding Ordinance is unconstitutional under the Arizona and Federal Constitutions." (*Id.* at 16).[6] As discussed *supra* Section III.a, Plaintiffs have not sufficiently alleged that the No Feeding Ordinance violates the United States Constitution nor have Plaintiffs adequately alleged that Defendant Flagstaff has violated any specific federal constitutional right. Plaintiffs claim Defendant Flagstaff violated the due process clause of the Arizona Constitution. (Doc. 1-3 at 4); *see* Ariz. Const. art. 2, § 4. But, Plaintiffs do not articulate any facts in support of this assertion. As such, Plaintiffs' barebone, conclusory allegation of a due process violation under the Arizona Constitution

---

[5] Although the Court has dismissed Plaintiffs' § 1983 claim, the Court may still hear Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Section 1367(a) provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Therefore, § 1367(a) grants United States district courts jurisdiction over supplemental claims where the claim arises out of the same case or controversy as another claim that the court does have subject matter jurisdiction over. Plaintiffs have asserted a § 1983 claim against the other named defendants. None of these defendants moved to dismiss, and thus, the § 1983 claim Plaintiffs assert against them provide the Court with subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). The remaining state law claims against Defendant Flagstaff arise out of the same transaction or occurrence as the § 1983 claim against the other named defendants in this action because that § 1983 claim and the state law claims each arise from the enactment and enforcement of the No Feeding Ordinance. (Doc. 1-3 at 14–18). Therefore, the Court has supplemental jurisdiction over the state law claims Plaintiffs assert against Defendant Flagstaff.

[6] Plaintiffs request that the Court also declare that Defendant Game and Fish Officer Luke Apfel's watching of Plaintiffs' property "is unlawful harassment." (Doc. 1-3 at 16). This claim is not asserted against Defendant Flagstaff. Although Plaintiffs have raised a theory that Defendant Game and Fish, and presumably its officials, are acting as agents of Defendant Flagstaff in response to the Motion to Dismiss (Doc. 18), (*see* Doc. 27 at 6–7), the Court cannot consider this claim because it was not alleged in the Complaint (Doc. 1-3). *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

is not sufficient to overcome the Motion to Dismiss (Doc. 18). *See In re Tracht Gut, LLC*, 836 F.3d at 1150.[7]

The Court also notes that it was difficult to determine "which factual allegations, to the extent they are pled, support" their claim for declaratory relief. *Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 14-CV-151-SCJ-LTW, 2014 WL 12544828, at *2 (N.D. Ga. July 21, 2014), *report and recommendation adopted*, No. 1-14-CV-151-SCJ, 2014 WL 12551211 (N.D. Ga. Aug. 14, 2014); *see Carney v. Kaufman*, No. 2:14-CV-00565-RFB, 2015 WL 995160, at *4 (D. Nev. Mar. 6, 2015). Although the Court is cognizant that Plaintiffs did not originally file in federal court, going forward, Plaintiffs should strive to include relevant factual allegations *within the section* of their complaint asserting a particular cause of action—not simply strewn throughout the complaint.[8] The Court will not sift through Plaintiffs' Complaint (Doc. 1-3) and piece together their claims for them. *See Carney*, 2015 WL 995160, at *4; *Gonsalves-Carvalhal*, 2014 WL 12544828, at *2. Accordingly, Plaintiffs' claim seeking declaratory relief against Defendant Flagstaff under § 12-1831 is dismissed.

### c. Special Action Relief

Plaintiffs claim that they are entitled to special action relief because "the No Feeding Ordinance is preempted by state law[] and may not validly be enforced by Game and Fish." (Doc. 1-3 at 17–18). Arizona law condenses many writs, such as the writ of mandamus, into one claim called a special action. *See State ex rel. Neely v. Rodriguez*, 796 P.2d 876, 878 (Ariz. 1990). Plaintiffs seek special action relief in the form of a court

---

[7] The Court recognizes that Defendant Flagstaff did not seek dismissal of the declaratory relief claim under this rationale. However, the declaratory relief claim is substantially congruent with the § 1983 claim, and thus, the Court raises this issue sua sponte. *See Giorgis v. Ogden*, No. CV-09-1174-PHX-FJM, 2009 WL 3571355, at *3 (D. Ariz. Oct. 26, 2009); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (stating district court can dismiss a claim sua sponte, without notice, where the plaintiff "cannot possibly win relief"). Plaintiffs vaguely reference that Defendant Flagstaff has violated Plaintiffs' rights under article 2, section 4 of the Arizona Constitution. As noted, that conclusory allegation is not sufficient to state a claim for declaratory relief.

[8] Plaintiffs may also consider using cross-references so that the Court and each defendant can readily identify which of the preceding paragraphs are relevant to a particular cause of action.

order "prohibit[ing] enforcement of the No Feeding Ordinance by Game and Fish." (Doc. 1-3 at 18).

Plaintiffs only seek special action relief against Defendant Game and Fish, not Defendant Flagstaff. While Plaintiffs assert, in response to the Motion to Dismiss (Doc. 18), that Defendant Flagstaff is a principal of Defendant Game and Fish, (Doc. 27 at 6–8), Plaintiffs did not include this agency theory in the Complaint (Doc. 1-3). Plaintiffs cannot supplement the Complaint (Doc. 1-3) with additional allegations within their Response to the Motion to Dismiss (Doc. 27). *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Plaintiffs also failed to clearly allege their special action claim against Defendant Flagstaff. A plaintiff must articulate which defendants it is asserting each cause of action against, and thus, Plaintiffs' special action claim against Defendant Flagstaff fails for this reason as well. *Windsor v. San Quentin State Prison*, No. C 10-0368 RS (PR), 2010 WL 2634953, at *1 (N.D. Cal. June 29, 2010); *see also Gonsalves-Carvalhal*, 2014 WL 12544828, at *2. Plaintiffs have failed to state a special action claim against Defendant Flagstaff.[9]

### d. Intentional Infliction of Emotional Distress

Defendant Flagstaff argues that Plaintiffs' intentional infliction of emotional distress ("IIED") claim must be dismissed for failure to state a claim. (Doc. 18 at 4–5). A plaintiff must show three elements to establish an IIED claim under Arizona law:

> *first*, the conduct by the defendant must be "extreme" and "outrageous";
> *second*, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his

---

[9] As noted above, Defendant Flagstaff argues that Plaintiffs' special action claim must be dismissed under the *Erie* Doctrine. (*See* Doc. 18 at 6–7); *see also Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). However, the Court notes that the *Erie* Doctrine applies to procedural law not substantive law. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *cf. Abendano v. Town of Hayden*, No. CV-14-01104-PHX-DGC, 2014 WL 3926806, at *2 (D. Ariz. Aug. 12, 2014) (denying motion to dismiss claim seeking special action relief). But, it does appear that the Court does not have jurisdiction to issue a writ against a state entity or state official based on a violation of state law, such as Plaintiffs' claim that the No Feeding Ordinance is preempted by state law. *Katie A. ex rel. Ludin v. Los Angeles County*, 481 F.3d 1150, 1155 (9th Cir. 2007); *Voting Rights Def. Project v. Padilla*, No. C 16-02739 WHA, 2016 WL 3092079, at *3 (N.D. Cal. June 2, 2016).

> conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct.

*Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987); *see Reel Precision, Inc. v. FedEx Ground Package Sys., Inc.*, No. CV-15-02660-PHX-NVW, 2016 WL 4194533, at *3–5 (D. Ariz. Aug. 9, 2016) (dismissing IIED claim where plaintiff failed to sufficiently allege extreme and outrageous conduct).

In response to the Motion to Dismiss (Doc. 18), Plaintiffs assert that Defendant Flagstaff targeted Farnsworth with the No Feeding Ordinance, which they claim constitutes extreme and outrageous conduct sufficient to survive the Motion to Dismiss (Doc. 18). (Doc. 27 at 6–7). However, the Complaint only references the alleged killing of an elk by Defendant Game and Fish Officer Walton in Plaintiffs' presence as the basis for Plaintiffs' IIED claim. (Doc. 1-3 at 17). In fact, Defendant Flagstaff is not mentioned in the allegations setting out Plaintiffs' IIED claim. (*Id.*).

Accordingly, Plaintiffs have not alleged an IIED claim against Defendant Flagstaff. Plaintiffs' IIED claim involves conduct only by Defendant Game and Fish Officer Walton. (Doc. 1-3 at 17). Plaintiffs must allege specific facts for each cause of action against each defendant.[10] *Carney*, 2015 WL 995160, at *4; *Windsor*, 2010 WL 2634953, at *1. Plaintiffs' IIED claim fails against Defendant Flagstaff for this reason alone.

Alternatively, even if the Court liberally construes Plaintiffs' Complaint (Doc. 1-3), it still fails to articulate an IIED claim against Defendant Flagstaff. Plaintiffs did not adequately plead sufficient factual allegations for each of the three elements of an IIED claim.

First, Plaintiffs fail to allege that Defendant Flagstaff engaged in extreme and outrageous conduct. Conduct is only extreme and outrageous when it is "at the very

---

[10] To the extent Plaintiffs argue they have asserted a respondeat superior claim against Defendant Flagstaff for the actions of Defendant Game and Fish Officer Walton, (Doc. 27 at 6–7), that claim fails because it was not articulated in the Complaint (Doc. 1-3). *Schneider*, 151 F.3d at 1197 n.1 ("[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

extreme edge of the spectrum of possible conduct." *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980) (in division). It is not enough for conduct to be "unjustifiable," it must "rise to the level of 'atrocious' and 'beyond all possible bounds of decency.'" *Nelson v. Phx. Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1994). The offending conduct "must completely violate human dignity. . . . The conduct must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Pankratz v. Willis*, 744 P.2d 1182, 1189 (Ariz. Ct. App. 1987) (citation omitted). An IIED claim cannot survive a motion to dismiss unless "reasonable minds could differ in determining whether [the] conduct is sufficiently extreme or outrageous." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563–64 (Ariz. Ct. App. 1995) (affirming dismissal of IIED claim where defendant's conduct was not extreme and outrageous because defendant "had a legitimate business purpose").

Plaintiffs assert, in the Response to the Motion to Dismiss, that they have alleged sufficient facts throughout the Complaint (Doc. 1-3) to state an IIED claim against Defendant Flagstaff. (Doc. 27 at 6–7). More specifically, Plaintiffs claim that Defendant Flagstaff enacted the No Feeding Ordinance to target Farnsworth in response to his neighbors' complaints, which constitutes extreme and outrageous conduct according to Plaintiffs. (Doc. 27 at 6–7; *see also* Doc. 1-3 at 5 (alleging that Defendant Flagstaff enacted the No Feeding Ordinance to target Farnsworth)).

That conduct cannot form the basis of an IIED claim because it simply does not rise to the level of completely violating human dignity or threatening to shatter one's emotional fabric. Plaintiffs have not properly alleged that the No Feeding Ordinance was not a legitimate exercise of Defendant Flagstaff's governmental authority, as discussed *supra* Sections III.a, III.b, III.c. Accordingly, the Court must presume that the No Feeding Ordinance was a legitimate exercise of Defendant Flagstaff's governmental authority. *See In re Tracht Gut, LLC*, 836 F.3d at 1150; *Nat'l Ass'n for Advancement of Psychoanalysis*, 228 F.3d at 1050; *Ramirez v. Health Partners of S. Ariz.*, 972 P.2d 658, 668 ¶ 34 (Ariz. Ct. App. 1998).

Defendant Flagstaff's legitimate exercise of its governmental authority is not atrocious conduct that is beyond all possible bounds of decency, even if it was targeted at Farnsworth. *See Mintz*, 905 P.2d at 563–64; *see also* Restatement (Second) of Torts § 46 cmt. g (Am. Law Inst. 1965) ("The actor is never liable . . . where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress."); *cf. Rayes v. United States*, 967 F. Supp. 1162, 1163, 1165 (D. Ariz. 1997) (finding that harassment, in enforcement of tax laws, without more, is not extreme and outrageous conduct); *Reyes v. Yakima Health Dist.*, 419 P.3d 819, 825–26 ¶¶ 21–24 (Wash. 2018) (reasoning that government official's legitimate invocation of governmental authority could not form the basis of an IIED claim (citing Restatement (Second) of Torts § 46 cmt. g)). And the fact that Plaintiffs allege that the No Feeding Ordinance is unjustifiable, (Doc. 1-3 at 5–6, 11–13), is not sufficient to establish extreme and outrageous conduct. *See Nelson*, 888 P.2d at 1386. Plaintiffs have failed to state facts supporting their allegation of extreme and outrageous conduct.

Plaintiffs also did not allege that Defendant Flagstaff intended to or recklessly did cause Plaintiffs emotional distress. In fact, Plaintiffs claim the No Feeding Ordinance was passed in response to neighborhood complaints about Farnsworth. (Doc. 1-3 at 4–5). Therefore, even taking Plaintiffs' allegations as true, an obvious alternative explanation to Plaintiffs' claim is that Defendant Flagstaff was simply responding to these complaints. *See Iqbal*, 556 U.S. at 682. This explanation renders Plaintiffs' claim that Defendant Flagstaff intended to or recklessly did cause Plaintiffs emotional distress implausible. *See id.* At any rate, Plaintiffs allege that the severe emotional distress Farnsworth suffered is a result of the actions of a Game and Fish officer not Defendant Flagstaff. (Doc. 1-3 at 17). Plaintiffs did not sufficiently allege that Defendant Flagstaff intended to or recklessly did cause Plaintiffs' emotional distress.

Finally, Plaintiffs allege no specific facts illustrating that Plaintiffs actually suffered severe emotional distress. Plaintiffs simply allege that Farnsworth has

"suffer[ed] severe emotional distress." (*Id.*). The Court may not give a presumption of truthfulness to legal conclusions couched as factual allegations. *In re Tracht Gut, LLC*, 836 F.3d at 1150. Conclusory allegations of law cannot overcome a motion to dismiss. *See id.* As such, Plaintiffs did not properly allege severe emotional distress.

Plaintiffs failed to adequately plead all three elements of an IIED claim against Defendant Flagstaff. Accordingly, the Court dismisses the IIED claim.

### e. Statute of Limitations

Defendant Flagstaff argues that the state law claims—Plaintiffs' IIED claim, declaratory relief claim, and special action claim—are each barred by the statute of limitations, Ariz. Rev. Stat. Ann. § 12-821. (Doc. 18 at 3). Section 12-821 provides, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues." It appears Plaintiffs do not take issue with Defendant Flagstaff's assertion that the one-year statute of limitation applies. (*See* Doc. 27 at 3–4).

Defendant Flagstaff argues that the state law claims accrued, at the latest, on November 6, 2017, when Farnsworth was first cited for violating the No Feeding Ordinance, well over a year before Plaintiffs filed their Complaint on August 8, 2019. (Doc. 18 at 3; *see also* Doc. 1-3 at 6). Plaintiffs respond that the date of accrual is a fact question that cannot be determined on a motion to dismiss. (Doc. 27 at 3–5).

A cause of action begins to accrue when the plaintiff knew or with the exercise of reasonable diligence should have known that it has been injured by the defendant. *See Viniegra v. Town of Parker Mun. Prop. Corp.*, 383 P.3d 665, 670 ¶ 15 (Ariz. Ct. App. 2016) (citing § 12-821), *depublished in part on other grounds*, 421 P.3d 652 (Ariz. 2017). This determination is a question of fact. *Logerquist v. Danforth*, 932 P.2d 281, 287 (Ariz. Ct. App. 1996).

Here, Plaintiffs' allegations raise a question of fact as to the accrual date of their state law causes of action. Plaintiffs assert that they did not know that Farnsworth was being specifically targeted by Defendant Flagstaff until he was cited, en masse, in October 2018. (Doc. 27 at 3–5). The Court must take all well-pleaded factual allegations

as true at this stage of litigation. *Adams*, 671 F.3d at 1142–43. Plaintiffs filed the Complaint (Doc. 1-3) in Coconino Superior Court on August 8, 2019, which is within the one-year statute of limitations if the Court accepts the claims' accrual date was in October 2018 as Plaintiffs allege. (Doc. 1-3 at 6, 18; *see* Doc. 27 at 4–5). As such, the Court rejects Defendant Flagstaff's argument that Plaintiffs' state law claims must be dismissed with prejudice as time-barred at this stage of the case.[11]

## IV. LEAVE TO AMEND

In their Response (Doc. 27), Plaintiffs request leave to amend. (*Id.* at 9–10). A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When a plaintiff requests leave to amend, a court should consider the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended its complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (citation omitted).

The Court finds that it is not clear that Plaintiffs' claims are futile. Plaintiffs have yet to amend the Complaint (Doc. 1-3), and there has been no showing of undue delay or potential prejudice to Defendant Flagstaff. Considering the liberal policy in favor of amendments embodied in Rule 15(a), the Court grants Plaintiffs leave to amend. *See, e.g.*, *Mark H. v. Lemahieu*, 513 F.3d 922, 939–40 (9th Cir. 2008) (noting that Rule 15(a) embodies a "policy favoring liberal amendment" (quoting *Verizon Del., Inc. v. Covad Comm'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004))). Plaintiffs may file an amended complaint within thirty (30) days of this Order or their claims will be dismissed with prejudice as to Defendant Flagstaff.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Flagstaff's Motion to Dismiss (Doc. 18) is **GRANTED**.

---

[11] This ruling is without prejudice to Defendant Flagstaff re-asserting this argument at a later time if the facts would support raising the argument again.

- 15 -

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend the Complaint (Doc. 1-3) is **GRANTED**. Plaintiffs may file an amended complaint within thirty (30) days of the date of this Order. If Plaintiffs do not file their amended complaint within thirty (30) days of this Order, then the Clerk of Court will dismiss the claims against Defendant Flagstaff and terminate Defendant Flagstaff from this case with prejudice. In accordance with District of Arizona Local Rule of Civil Procedure 15.1(a), an amended complaint "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a).

**IT IS FURTHER ORDERED**, given that an amended complaint supersedes an original complaint, *see Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), that each defendant named in the amended complaint shall file an answer—or other responsive pleading, if still timely—within fourteen (14) days from the date Plaintiffs file an amended complaint should Plaintiffs decide to do so. Fed. R. Civ. P. 15(a)(3). Any defendant not re-named in the amended complaint shall be deemed to be dismissed.

Dated this 3rd day of February, 2020.

James A. Teilborg
Senior United States District Judge