**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Farnsworth, et al., | No. CV-19-08287-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Flagstaff, et al., | |
| Defendants. | |

Pending before the Court is the parties' Stipulation and Joint Motion to Dismiss Certain Claims and the Individual Defendants with Prejudice and to Remand to the Coconino County Superior Court (Doc. 35). As the Motion's title indicates, the Motion seeks dismissal of all claims against several defendants and seeks dismissal of only certain claims against the other defendants. (Doc. 35). The Court now rules on the Motion (Doc. 35).

Federal Rule of Civil Procedure 41(a)(1) governs voluntary dismissals by a plaintiff. Specifically, "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 41(a)(1)'s plain text thus allows only for voluntary dismissal of an action, not an individual claim. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005).

Nevertheless, the Ninth Circuit has construed Rule 41(a)(1) to allow a party to dismiss all claims against a defendant—in a case with more than one defendant—when all

parties that have appeared have stipulated to such a dismissal. *See Hells Canyon Preservation Council*, 403 F.3d at 687; *Pedrina v. Chun*, 987 F.2d 608, 609–10 & n.1 (9th Cir. 1993); *see also Lee v. Am. Airlines*, No. 07-0541 SC, 2007 WL 2212907, at *1 (N.D. Cal. July 31, 2007). Here, the parties have agreed to dismissal of all claims, with prejudice, against the following defendants: (1) Larry Phoenix, (2) Luke Apfel, and (3) Colby Walton. (Doc. 35 at 2). The Court will therefore dismiss these defendants from the case with prejudice pursuant to Rule 41(a)(1) based on the parties' stipulation (Doc. 35).

However, Rule 41(a)(1) does not allow a plaintiff to dismiss individual claims. Fed. R. Civ. P. 41(a)(1)(A) (providing that "[t]he plaintiff may dismiss an *action*" under certain circumstances (emphasis added)); *Hells Canyon Preservation Council*, 403 F.3d at 687. As such, a withdrawal of an individual claim must instead be done under Federal Rule of Civil Procedure 15. *Hells Canyon Preservation Council*, 403 F.3d at 687–88; *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (citations omitted)).

The Court therefore construes the Motion's (Doc. 35) request to dismiss counts 3 and 4 of the First Amended Complaint (Doc. 31) as a stipulation to amend the First Amended Complaint (Doc. 31) under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2). However, no amended complaint has been filed. Plaintiffs must file an amended complaint by **Friday, April 10, 2020**. Assuming Plaintiffs properly do so, the Court will remand thereafter.

Accordingly,

**IT IS ORDERED** that the parties' Stipulation and Joint Motion to Dismiss Certain Claims and the Individual Defendants with Prejudice and to Remand to the Coconino County Superior Court (Doc. 35) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), that the claims against Defendants Larry Phoenix, Luke Apfel, and Colby Walton are **DISMISSED WITH PREJUDICE** according to the parties' stipulation (Doc. 35 at 2). The Clerk of Court shall terminate these defendants from the case.

**IT IS FURTHER ORDERED** that Plaintiffs may amend the First Amended Complaint (Doc. 31) pursuant to Federal Rule of Civil Procedure 15(a)(2) by **Friday, April 10, 2020**.

Dated this 3rd day of April, 2020.

James A. Teilborg
Senior United States District Judge